IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LEXINGTON INSURANCE COMPANY,
As Subrogee of Arkansas Steel Associates,
LLC                                                                                          PLAINTIFF

v.                              3:20-cv-319-DPM

WIRECO WORLDGROUP, INC.;
CASAR DRAHTSEILWERK SAAR GMBH
d/b/a/ CASAR;  YARBROUGH CABLE
SERVICES, LLC;  JACO CONSTRUCTION
COMPANY;  HEAVY MACHINES, INC.;
MORGAN ENGINEERING SYSTEMS, INC.;
and JOHN DOES, I through X                                            DEFENDANTS

ORDER

The parties' Rule 26(f) report has alerted me to an embedded recusal issue.  Lexington is pursuing this case in the place of its insured, Arkansas Steel Associates, LLC.  Yamato Kogyo Company, Ltd. owns a 50% interest in Arkansas Steel.  *Myers v. Yamato Kogyo Company, Ltd., et al.*, White County Circuit Court Case No. 73CV-16-181, *Complaint at ¶ 78* (31 March 2016).  Yamato Kogyo also owns a 49% interest in Nucor-Yamato Steel Company.  *Ibid.*  Nucor-Yamato Steel Company (Limited Partnership) is on my recusal list.  Before I left law practice for the Arkansas Court of Appeals at the end of 2006, I represented Nucor entities on employment-discrimination matters and some other things.

*E.g., Caviness v. Nucor-Yamato Steel Co.*, 105 F.3d 1216 (8th Cir. 1997); *Bledsoe v. Nucor-Yamato Steel Co.*, 18 F. App'x 433 (8th Cir. 2001); *Bennett v. Nucor Corp.*, 2012 WL 3962459 (E.D. Ark. 10 Sept. 2012). No Nucor entity is a party in this case or the related state case. Several Yamato Kogyo entities are named as defendants in that case. And Yamato Kogyo has an interest in this case because of its half ownership of Arkansas Steel and the deductible paid by that company, which Lexington seeks to recover for Yamato Kogyo. *Doc. 1 at ¶¶ 20–21*. So, a part owner of a former client on my recusal list has a financial interest in this case. I conclude that an informed observer — a person on the street corner who is neither overly suspicious nor overly trusting — could reasonably question my impartiality in these circumstances. 28 U.S.C. § 455(a).

Therefore, unless all parties waive any conflict related to Yamato Kogyo, I will recuse. Do not communicate with me or file anything on the docket about this issue. Instead, please send a letter to the Clerk of Court if your client decides to waive the conflict. Letters due by 16 April 2021. The Clerk will inform me whether all parties have waived.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_2 April 2021_